Ellie L. HEBERN, Executrix of the Estate of Edward H. Hebern, Deceased, and Hebern Code, Inc., a Corporation,

v.

The UNITED STATES.

No. 213–53.

United States Court of Claims.

June 7, 1955.

Ernest F. Henry, Washington, D. C., O'Hara, Randall, Castagnetto & Kilpatrick, Vallejo, Cal., Barnard & Henry, Roger E. Brooks and John Ward Cutler, Washington, D. C., on the brief, for plaintiffs.

Bernard Wohlfert, Warren E. Burger, Asst. Atty. Gen., Washington, D. C., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

Plaintiffs bring this suit pursuant to 28 U.S.C. § 1498, to recover compensation from the Government for the alleged infringement of the following patents:

Patent No. 1,510,441 granted September 30, 1924 on an application filed March 31, 1921, Serial No. 457,419, by Edward H. Hebern, being an Electric Coding Machine.

Patent No. 1,683,072, granted September 4, 1928 on an application originally filed November 20, 1923, and renewed May 17, 1927, Serial No. 675,898, by Edward H. Hebern, being an Electric Code Machine, also described as Super Code.

Patent No. 1,861,857, granted June 7, 1932 on an application filed May 17, 1927, Serial No. 192,074, by Edward H. Hebern, being a Cryptographic Machine and System, also described as Universal Dogs.

Patent No. 2,267,196, granted December 23, 1941 on an application filed July 5, 1938, Serial No. 217,480, by Walter N. Fanning, being a Remote Control System, also described as Wiring System.

Patent No. 2,269,341, granted January 6, 1942, on an application filed November 8, 1938, Serial No. 239,469, by Edward H. Hebern, being a Message Transmission Device, also described as Remote Control System.

Patent No. 2,373,890, granted April 17, 1945 on an application filed October 3, 1938, Serial No. 232,995, by Edward H. Hebern, being a Cipher Machine, also described as New Code Wheel.

Defendant has moved to dismiss a portion of plaintiffs' claim and for present purposes the facts are as they appear in the petition.

On September 3, 1947, plaintiff Hebern Code, Inc., and Edward H. Hebern, now deceased, filed a claim with the Secretaries of Defense, Army, Air Force and Navy, requesting compensation for the unauthorized use by or for the United States of equipment and apparatus embodying inventions covered by the patents listed above. The claim was finally rejected by the departments on January 22, 1953, and plaintiffs filed suit in this court on May 19, 1953.

In addition to seeking recovery for that portion of the alleged infringement which accrued within six years of the filing of their petition, as permitted under the provisions of 28 U.S.C. § 2501, plaintiffs also ask compensation for any infringement which may have accrued prior to that period, as permitted by 35 U.S.C. 1952 ed. § 286. This section which became effective January 1, 1953, provides as follows:

"Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action.

"In the case of claims against the United States Government for use of a patented invention, the period before bringing suit, up to six years, between the date of receipt of a written claim for compensation by the department or agency of the Government having authority to settle such claim, and the date of mailing by the Government of a notice to the claimant that his claim has been denied shall not be counted as part of the period referred to in the preceding paragraph."

This provision, the last paragraph of which made new law, was enacted as part of the revision and codification of Title 35 of the United States Code relating to patents. Public Law 593, 82d Cong., 2d Sess., Chapter 950, 66 Stat. 792.

If applied in this case it would have the effect of tolling the statute of limitations for approximately the period from September 3, 1947, through January 22, 1953, and allow plaintiffs to add to their six-year period of recovery some five and one-half years.

■ Defendant asks dismissal of plaintiffs' petition in so far as it seeks recovery for a period prior to six years before the filing of the petition on the grounds that the tolling provision of section 286, which did not become effective until January 1, 1953, is not retroactive and, therefore, is inapplicable to plaintiffs' claim which was mailed to the departments on September 3, 1947. Plaintiffs answer to this contention is that since the applicability of section 286 has been alleged in the petition such must be deemed to be admitted for purposes of a motion to dismiss. The answer to this, of course, is that such an allegation is conclusion of law and the rule relied on by plaintiffs applies only to material facts well pleaded.

■ Defendant's position must be sustained. In general, statutes, like the last paragraph of 35 U.S.C. § 286 which create new law, are prospective in their application. Here we find no reason to deviate from this general rule. The clear and explicit intention required in order that a statute be retroactive is not present. Strategical Demolition Torpedo Co., Inc., v. United States, 110 F.Supp. 264, 124 Ct.Cl. 492 and cases there cited.

■ Defendant also urges the complete dismissal of plaintiffs' claim in respect to patents 1,510,441 and 1,683,072 since it appears on the face of the petition that both patents *expired more than six years prior to the date of the filing of the petition,* the former having expired on September 30, 1941 and the latter on September 4, 1945. Defendant's position on this point must be sustained as well. The life of a patent, if not renewed, is 17 years,[1] and these patents granted in the years 1924 and 1928 expired in 1941 and 1945, respectively. Plaintiffs' petition was not filed until May 19, 1953.

■ Plaintiffs would also have the court go back beyond the six-year period permitted by 28 U.S.C. § 2501, or as extended by 35 U.S.C. § 286, on the grounds that any action against the Government for the alleged infringement of the patents in question was prevented by the Government's refusal to disclose any information with respect to plaintiffs' claim. Such refusal does not toll the running of the statute, nor can it be held that it operated to prevent plaintiffs from filing suit in this court. The rules of this court for many years have provided a procedure similar to that now found in Rule 13, 28 U.S.C., by which a plaintiff who "cannot state his case with the requisite particularity without an examination of documents or things in the possession of any department or agency of the Government" may file his petition stating his claim as best he can, then obtain the needed information from the Government through our call or discovery procedure and after receipt thereof amend his petition.

■ Plaintiffs' allegations as to the existence of an implied contract between Edward H. Hebern and the Government under which Hebern was to be compensated for the Government's manufacture and use in violation of his patent must also fail.[2] Plaintiffs state a mere conclusion without the necessary supporting or primary facts sufficient to allege the essentials of an implied contract. As such the alleged facts fail to state a cause of action. Fulmer v. United States, 77

1. 35 U.S.C., 1952 ed. § 154. Based on 35 U.S.C., 1946 ed. § 40, R.S. 4884, as amended 46 Stat. 376.

2. Paragraph 10 of plaintiffs' petition reads as follows: "Edward H. Hebern, deceased, was, up to and including the date of his death, and plaintiffs have been at all material times and are, bound by an agreement between the said Edward H. Hebern and the United States Government prohibiting any disclosure or any making public of certain features of his inventions; but devices and structures based on and containing and embodying such secret features were manufactured and used by the United States Government under an implied contract (within the meaning of subdivision (4) of Title 28, United States Code, section 1491) that the said Edward H. Hebern would be compensated for such manufacture and use."

F.Supp. 927, 111 Ct.Cl. 591, 595. The petition in this respect is dismissed.

Defendant's motion to dismiss is granted. Plaintiffs' petition is also dismissed in so far as it asserts a claim under patents 1,510,441 and 1,683,072, and the period of recovery, if any, with respect to the other patents is limited to May 19, 1947 through May 19, 1953.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN, and WHITAKER, Judges, concur.