GILA RIVER PIMA–MARICOPA IN-
DIAN COMMUNITY, a Federal Corpo-
ration, and Gila River Pima-Maricopa
Indian Community, composed of the In-
dians of the Gila River Reservation,
each for itself and for and on behalf of
the members of the Gila River Pima
and Maricopa Indians, both individually
and collectively,

v.

The UNITED STATES.

No. 552–53.

United States Court of Claims.

May 1, 1956.

Z. Simpson Cox, Phoenix, Ariz., for plaintiffs. Ira Schneier, Tucson, Ariz., was on the brief.

Howard O. Sigmond, Washington, D. C., with whom was Perry W. Morton, Asst. Atty. Gen., for defendant. William H. Veeder, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

LITTLETON, Judge.

In their petition filed in this court on October 5, 1953, plaintiffs seek to recover money judgments in eight separate causes of action and also seek an accounting.[1] Defendant has moved for judgment on the pleadings or for summary judgment on each cause of action except the seventh.

Plaintiffs' first cause of action seeks recovery in the amount of $32,351,280 for the alleged failure and refusal of the United States to deliver to the plaintiffs the natural flow and the stored waters of the Gila River and also for the alleged failure of the defendant to stop various non-Indian users from diverting to their own uses the waters of the Gila River and its tributaries, which waters plaintiffs allege they have from time immemorial owned and enjoyed in the sole and undisputed use, occupancy and possession of land riparian thereto. The complaint in this court seeks only damages allegedly accruing subsequent to the passage of the Indian Claims Commission Act on August 13, 1946, 25 U.S.C.A. § 70 et seq., and 28 U.S.C. § 1505, but defendant urges that the wrongful acts alleged as having occasioned such damages took place prior to the passage of such act and that the claims are therefore barred by the 6-year statute of limitations applicable to suits in the Court of Claims, 28 U.S.C. § 2501, and, in any event, on the face of the pleadings, it appears that they arose at a time when this court had no jurisdiction over such claims. Defendant also points out that these same plaintiffs have pending before the Indian Claims Commission a suit bearing Docket No. 236, containing identical claims and that plaintiff's suit in the Court of Claims should accordingly be abated under principles of general law and specifically under the provisions of section 1500 of Title 28 U.S.C.

Plaintiffs' second cause of action seeks to recover the alleged illegal assessment of operation and maintenance charges collected by the defendant for delivery of waters of the Gila River to these plaintiffs. Defendant points out that this cause of action is identical with plaintiffs' third cause of action before the Indian Claims Commission in Docket No. 236 and urges its dismissal on the same grounds as urged above.

Plaintiffs' third cause of action seeks recovery for the alleged failure of the defendant to protect and secure plaintiffs in their immemorial rights to the waters of the Salt River since August 13, 1946. Again, defendant points out that the wrongs complained of occurred prior to August 13, 1946, and that the same claim is now pending before the Indian Claims Commission in Docket No. 236 in the first cause of action thereof. Defendant seeks dismissal of this cause of action on the same grounds as stated in the first cause of action.

The fourth, fifth and sixth causes of action in this case seek recovery for alleged breaches of contractual obligations by the Government in connection with the leasing of parts of the plaintiffs' reservation lands to the War Relocation Authority for the purpose of relocating persons of Japanese ancestry during World War II. The leases in question appear to have been executed in 1942 and the damages sustained at various times thereafter, some prior to and some subsequent to August 13, 1946. Defendant points out that identical claims are pending before the Indian Claims Commission in Docket No. 236 in the sixth and seventh causes of action thereof, and asks that the claims in this court be abated for the reasons given above.

The Government makes no motion regarding the plaintiffs' seventh cause of action in this court. It is noted that the petition contains no dates in this seventh cause of action from which it can be determined when the cause of action first

---

1. Eighth cause of action.

accrued although the rules of the court require the allegation of such dates.

Plaintiffs' eighth cause of action demands an accounting from the Government. Defendant points out that plaintiffs' fourteenth cause of action in Docket No. 236 before the Indian Claims Commission for an accounting is identical and that in any event its books are open to inspection by plaintiffs at all times.

Plaintiffs' ninth cause of action seeks to recover 33⅓ percent of the amount of any judgment in this case as attorneys' fees. Defendant notes that such a claim is one against the plaintiffs and not against the defendant; that if it is a valid claim it should be provided for in the attorneys' contract with the plaintiffs which was approved by the Secretary of the Interior. Defendant states that it has no contract, express or implied with plaintiffs' attorneys and is not liable for any sum to be paid such attorneys in addition to any amount which may be found due plaintiffs in this case. Defendant urges that the ninth cause of action does not state a claim upon which relief can be granted.

In addition to urging that plaintiffs' first, second, third, fourth, fifth, sixth and eighth causes of action should be dismissed because identical claims are now pending before the Indian Claims Commission, defendant contends that certain of the claims urged clearly sound in tort and are beyond the jurisdiction of the Court of Claims; that others are not continuing in nature and that to permit suit in this Court for damages thereon accruing subsequent to August 13, 1946, would be permitting the splitting of causes of action; and that in any event damages accruing more than 6 years prior to the filing of the petition in 1953 are barred by the 6-year statute of limitations applicable to suits in the Court of Claims.

In order to decide the above issues raised by defendant, it would be necessary with respect to each claim and ground for recovery urged in the petition to determine the precise nature of the claim; the time when it accrued; whether it was continuing in nature; whether it sounded in tort or not, and most important, perhaps, the extent of the jurisdiction of the Indian Claims Commission of claims now pending before that Commission and not yet passed upon by it which grew out of the same or essentially the same transactions as the claims in the petition here.

One of the questions which may well be involved in plaintiffs' suit pending before the Indian Claims Commission is whether the Commission has authority to include in any award made, damages accruing subsequent to August 13, 1946, as a result of wrongs done the Indians prior to that date. In order to protect themselves against the bar of the statute if it should finally be held that the Commission has no such power, petitioners have filed suit in the Court of Claims on all claims now before the Commission that may involve damages or compensation accruing subsequent to the passage of the Indian Claims Commission Act although the causes of action themselves may have accrued prior to that date.

Section 2 of the Indian Claims Commission Act confers on that Commission exceedingly broad jurisdiction to hear and determine claims of Indian tribes, bands and identifiable groups, against the United States, notwithstanding any lapse of time or laches, where such claims arose prior to the date of the passage of that act on August 13, 1946. A claim arising prior to such date would not seem to be cut off where it is a continuing one. The jurisdiction conferred extends to all legal claims which would be otherwise cognizable in the Court of Claims if the claimants were not Indians, and includes in addition claims sounding in tort, claims arising if treaties, agreements, etc., between the United States and the Indians were revised for mutual or unilateral mistake, unconscionable consideration, fraud, duress, and claims arising out of a situation where the dealings of the Government with the Indians were less than fair and honorable. Section 24 of that Act now 28 U.S.C. § 1505, confers upon

the Court of Claims jurisdiction over legal claims by Indian tribes, etc., against the United States accruing *after* the date of the Act, but does not include therein tort claims, claims based on treaties revised for the grounds stated above, or purely moral claims. In defense of such claims, the Government has all the usual defenses including the statute of limitations and laches.

■ As a result of the above legislation the Court of Claims acts as an appellate court, section 20, with respect to the Commission's final determinations on claims accruing prior to the passage of the Act, and as a trial court with respect to legal claims first accruing subsequent to August 13, 1946. Problems resulting from this arrangement may be illustrated as follows: Where a tribe is suing on a claim involving the recovery of periodic installments of compensation such as rent under a lease, and several of the installments fell due and were unpaid prior to the passage of the Indian Claims Commission Act while others fell due and were unpaid subsequent to that date, the question arises as to whether or not, on a claim therefor filed in the Commission, that body has authority to render judgment for all such installments of unpaid rent up to the date of its final judgment, or whether its jurisdiction is or should be held to be cut off and limited to rendering judgment for only those installments due prior to August 13, 1946, so that suit for the remaining installments must be brought in the Court of Claims. There is no express provision in the Indian Claims Commission Act one way or the other on this point, nor in the legislative history of the act insofar as we have been able to determine. It is the usual rule that a court once having obtained jurisdiction of the persons and subject matter of a suit, retains such jurisdiction for all purposes including the awarding of all damages accruing up to the date of judgment. This is a good rule and we find nothing that would prevent its application here.

In those causes of action where the Government's alleged initial wrongdoing which gave rise to the claim took place prior to the passage of the Indian Claims Commission Act but where it is alleged that damages or right to compensation continued to accrue subsequent to the passage of the Act, plaintiffs in their suit in this court have limited their prayers for judgment to damages or compensation accruing subsequent to August 13, 1946. Plaintiffs' petition pending before the Indian Claims Commission on the same claims does not contain such a limitation and we find no such limitation in the statute. The same questions arising out of the pleadings will be present in both the plaintiffs' suit before the Commission and their suit before this court, i. e., the precise nature of each cause of action, the time or times of its accrual, the nature and extent of the damages, and the jurisdiction of the judicial forum over the causes of action and the damages asked.

■ In view of this court's appellate jurisdiction over the final determinations of the Indian Claims Commission, and the similarity, if not the identity, of the claims and issues involved in the two suits, it would seem best for this court to refrain from passing on such issues at this time, thus leaving the Commission free to determine in the first instance the questions raised, including the scope of its own jurisdiction with respect to such claims subsequent to August 13, 1946.

But plaintiffs contend that in their suit in this court their causes of action which appear to be identical with those filed in the Commission are grounded on an additional theory of recovery not urged to the Commission, i. e., that they are asking for damages for the Government's breach of its fiduciary duties to these Indians. In connection with that contention the following observations seem pertinent. Shortly before the passage of the Indian Claims Commission Act, the Conference of the House and the Senate agreed to omit a House amendment to Section 2 which provided:

"The Commission, in determining whether a claimant is entitled to relief on legal grounds, shall apply

with respect to the United States the same principles of law as would be applied to an ordinary fiduciary."

The Department of Justice had objected to the above proviso on the ground that if a claim was based on legal grounds, then the Commission ought to determine, according to principles of law, just what fiduciary duty, if any, existed with respect to the claim against the United States, and that it ought not be compelled to treat the United States as an "ordinary fiduciary" when, under the circumstances of the particular case, it was in fact under no such duty. The Senate had agreed with the Department and omitted the proviso with the following explanation in its Report No. 1751, page 6, July 15, 1946:

"4. *United States as fiduciary.* The sentence beginning in line 7, page 3, that the United States shall be treated as an ordinary fiduciary, has been stricken in the committee amendments because it seemed that the Commission should be permitted to determine according to the usual principles of law whether the Government was a fiduciary in the particular case involved, and if so what fiduciary duties were imposed upon it."

The proviso in question was omitted from section 2 in the act as passed on August 13, 1946. Section 24, however, which conferred upon the Court of Claims jurisdiction over Indian Claims accruing subsequent to August 13, 1946, did contain a similar proviso:

"*Provided, however,* That nothing contained in this section shall be construed as altering the fiduciary or other relations between the United States and the several Indian tribes, bands, or groups."

The addition of this proviso to Section 24 was explained in the Hearings before the House Committee on Indian Affairs, 79th Cong. 1st Sess., H.R. 1198 and H.R. 1341 as having been made for the purpose of "indicating that the substantive relations [of long standing] between the United States and the several tribes" were not intended to be altered. (Hearings, p. 127.) By the Act of May 24, 1949, 63 Stat. 102, the Judicial Code was amended to incorporate therein section 24 of the Indian Claims Commission Act. This amendatory enactment omitted all provisions of section 24 except the first sentence. House Report No. 352 to accompany H.R. 3762, U.S.Code Congressional Service, 81st Cong. 1st session, 1949, p. 1269, made the following explanation of the omission of all but the first sentence of section 24 in what was to become Section 1505 of the Judicial Code:

"This amendatory section omits as surplusage all provisions of said section 24 except the first sentence, as being fully covered by the express provisions of sections 1503 and 2501 and other provisions of chapter 165 of title 28, U.S.C., relating to Court of Claims procedure.

"The proviso of such section 24 [regarding the fiduciary relationship] is omitted as unnecessary since the provision conferring jurisdiction cannot in any view alter the relationship of the Government with its Indians."

Whether or not the legal relationship of guardian and ward exists between a particular Indian tribe and the United States depends, we think, upon the express provisions of the particular treaty, agreement, executive order, or statute under which the claim presented arises. It is true that the word "fiduciary" and the expression "guardian-ward relationship" have been used by the courts to describe generally the nature of the relationship existing between the Indians and the Government. However, in the absence of some language in a treaty, agreement or statute spelling out such a relationship, the courts seem to have meant merely that the relationship between the Indians and the Government is "similar to" or "resembles" such a legal relationship and that doubtful language in the treaty or statute under con-

sideration should be interpreted in favor of the weak and dependent Indians. Creek Nation v. United States, 318 U.S. 629, 642, 63 S.Ct. 784, 87 L.Ed. 1046. For cases in which the court found the relationship of the Government to the Indians to be that of a fiduciary, see Menominee Tribe of Indians v. United States, 59 F.Supp. 137, 102 Ct.Cl. 555; Seminole Nation v. United States, 316 U.S. 286, 297, 651, 62 S.Ct. 1049, 86 L. Ed. 1480, 1777.

■ Assuming, without deciding, that the legal relationship of guardian and ward existed between the instant plaintiffs and the United States by virtue of the provisions of executive orders and statutes cited in the petition in this court, the alleged breach of that duty merely presents an additional ground for recovery on the same claims now pending before the Indian Claims Commission. Such a ground of recovery is within the jurisdiction of the Indian Claims Commission and we do not think that plaintiffs may divide their grounds of recovery between that tribunal and this. See United States v. California & Oregon Land Co., 192 U.S. 355, 24 S.Ct. 266, 48 L.Ed. 476; Guettel v. United States, 8 Cir., 95 F.2d 229, 118 A.L.R. 1060, certiorari denied 305 U.S. 603, 59 S.Ct. 64, 83 L.Ed. 383. In any event, moral grounds for recovery are clearly within the jurisdiction of the Commission under section 2 of the Indian Claims Commission Act. We are not disposed at this time finally to decide a question that may well come up before the Commission as a result of the trial on the merits of plaintiffs' claims.

■ In connection with plaintiffs' ninth cause of action seeking to recover 33⅓ percent of the amount of judgment as attorneys' fees, we are in accord with defendant's position that such a claim is not one against the United States. No similar claim is pending before the Indian Claims Commission in Docket No. 236 and accordingly, the ninth cause of action will be dismissed.

The Government's motion for judgment on the pleadings or for summary judgment is granted as to plaintiffs' ninth cause of action. As to plaintiffs' first, second, third, fourth, fifth, sixth and eighth causes of action, defendant's motion is denied without prejudice, and further proceedings on these causes of action will be suspended pending the outcome of plaintiffs' suit now before the Indian Claims Commission in Docket No. 236, and any appeals therefrom.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.