Witold A. **BADOWSKI**
v.
**UNITED STATES.**
No. 497–53.

United States Court of Claims.
June 8, 1960.

Albert R. Teare, Cleveland, Ohio, for plaintiff.

G. M. Paddack, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

WHITAKER, Judge.

Plaintiff sues for damages caused by the defendant's infringement of Letters Patent No. 2,365,445. We have previously determined that plaintiff's patent was valid and that it was infringed. Badowski v. United States, 140 F.Supp. 544, 164 F.Supp. 252, 135 Ct.Cl. 93. The sole question now presented is the amount of "reasonable and entire" compensation to which plaintiff is entitled because of defendant's unauthorized use of the patented device.

The facts show that on two occasions plaintiff granted licenses to manufactur-ers to "make, use and sell" his patented device for commercial use. In 1946, plaintiff granted an exclusive license to Minnesota Tool & Manufacturing Corporation. The agreement provided for two payments of $1,000 each plus a royalty at the rate of five percent of the total gross receipts from sales. The agreement also specified certain minimum royalty payments. Some ten years after the cancellation of his agreement with Minnesota Tool & Manufacturing Corporation, plaintiff, in 1957, entered into a nonexclusive commercial licensing agreement with American Machine & Metal, Inc., which provided for a royalty payment of five percent of the selling price of the parachute release devices. This agreement was made after this court had held plaintiff's patent valid, but the agreement was also a release for prior infringement since it provided that the royalty would be paid for devices previously sold as well as those to be sold in the future. The parties contemplated under these agreements that the sales would be for commercial purposes only and the royalty agreed to did not include sales to the defendant. The number of commercial sales which were made were very small in number. The first licensing agreement was canceled because the minimum royalties prescribed were not paid; and, under the later agreement, the number of devices actually sold was below 2,000.

■ As a general rule, the best method of assessing damages for an infringement of a patent is to use the claimant's established royalties as a basis. Eg. Clark v. Wooster, 119 U.S. 322, 7 S.Ct. 217, 30 L.Ed. 392; Breese Burners, Inc. v. United States, 140 Ct.Cl. 9; United States National Bank of Portland v. Fabri-Valve Co., 9 Cir., 235 F.2d 565. However, this rule is only useful where the royalty has in fact become established. Here, the licensing agreements limited sales to nongovernmental users and it must have been contemplated by the parties that the civilian demand would be relatively small. A five percent royalty under those circumstances may

well have been fair, but we do not believe it follows from that, that where the sales volume greatly exceeded the volume under the licensing agreements, the same royalty would be fair.

Defendant's accounting expert, Captain Robert A. Lavender, U.S.N. (Ret.), testified that in his opinion plaintiff's compensation should be computed at a royalty rate of two percent on the first quarter million dollars, one and one-half percent on the second quarter million, one percent on the amount between a half and one million, and one-half of one percent on the amount over one million. Captain Lavender's opinion was based on his belief "that little was given to the Government by the plaintiff either in the form of a basic invention or in drawings, because the Government had to design and build its own equipment and did not use any of the structure of the plaintiff." We believe this compensation is insufficient.

■■■ Between 1947 and 1958, defendant purchased 191,274 devices which infringed plaintiff's patent claim and this great use of plaintiff's invention seems to us completely contrary to its claim that the invention was of such little value. Defendant's further argument based on the fact that it did not make use of plaintiff's specifications is equally without merit. It is well settled that the invention covered by a patent is defined by the language of the patent claims and not by the drawings shown in the specifications. Kuhne Identification Systems, Inc. v. United States, 82 Ct.Cl. 237; S. H. Kress & Company v. Aghnides, 4 Cir., 246 F.2d 718. The specifications merely teach others one or more ways of practicing the invention. The fact that the defendant practiced the invention in a manner different from that set out in the specifications seems to us to have little bearing on the value of the invention. The fact still remains that defendant used plaintiff's invention in order to accomplish its purpose.

■■ Plaintiff's argument that he is entitled to a 11.6 percent payment is also untenable. This percentage is computed by taking the average dollar royalty payment per unit which plaintiff received under his five percent commercial licensing agreement and using that amount as the royalty which defendant must pay for each device that it purchased. Under the commercial license, the average unit price per device was approximately $101.34 and the five percent royalty payment was in excess of $5 per unit. The average unit price which defendant paid for the device was only $45.18, yet plaintiff contends that he should still receive the same dollar amount per unit. We cannot agree. The percentage royalty is designed to fluctuate. As production increases and manufacturing costs are reduced, the royalty per unit is, of course, reduced but this reduction is more than compensated by the higher sales volume which in fact increases the overall royalty payment. The fact that the defendant was able to reduce the unit cost was a benefit to the plaintiff as well as the defendant. Plaintiff's patent is only valid for a limited period, and it is to his advantage to sell as many of his devices as possible. Plaintiff's argument in effect penalizes the defendant for purchasing the device in volume.

■■ Since neither the plaintiff's nor the defendant's arguments have convinced us, we must use our own judgment in this matter. Since the Government was almost the sole market for plaintiff's device and since its volume of purchases greatly exceeded civilian sales, we believe that common sense would have made plaintiff allow the Government a lower royalty than that which he charged his other customers. Under the circumstances, we believe a royalty of three percent on the first million dollars worth of sales and two percent on the remainder would be reasonable compensation.

We hold, therefore, that reasonable and entire compensation for defendant's unauthorized use of plaintiff's patent should be computed at a rate of three percent of defendant's costs on the first one million dollars for parachute release devices which infringed plaintiff's

invention and two percent of its costs in excess of that amount with four percent per annum to date of payment to compensate plaintiff for the delay in payment. The amount will be determined pursuant to Rule 38(c), 28 U.S.C.A.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and DURFEE, Judges, concur.