**FAIRCHILD ENGINE AND AIRPLANE CORPORATION**

v.

**UNITED STATES.**

No. 524–59.

United States Court of Claims.

Jan. 18, 1961.

Walter H. Free, New York City, for plaintiff. James N. Buckner and Brumbaugh, Free, Graves & Donohue, New York City, were on the briefs.

William W. Fleming, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, Washington, D. C., for defendant

DURFEE, Judge.

This action, resulting from the alleged infringement of certain claims contained in two separate patents of which the plaintiff is assignee, was instituted on December 10, 1959, and the motion is to dismiss that portion of the claim which is based on United States Letters Patent Reissue No. 20,251 which expired on June 18, 1952. It is the position of the defendant that any infringement of this patent which might have occurred took place no later than the date of its expiration. That date is more than six years prior to the filing of the complaint and hence, the defendant says, under our six year statute of limitations, 28 U.S.C. § 2501, any claim based on that patent is barred.

The plaintiff replies that.the statute of limitations was tolled for the period during which an administrative claim for infringement was under submission (a period of about two years and five months) because of the provisions of new Title 35 U.S.C. § 286, which provides:

"Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action.

"In the case of claims against the United States Government for use of a patented invention, the period before bringing suit, up to six years, between the date of receipt of a written claim for compensation by the department or agency of the Government having authority to settle such claim, and the date of mailing by the Government of a notice to the claimant that his claim has been denied shall not be counted as part of the period referred to in the preceding paragraph."

The defendant admits that the effect of section 286 of the Act is to extend the period for bringing suit by the length of time between the presentation of an

administrative claim and the denial thereof, but denies that the new Patent Act is applicable inasmuch as plaintiff's patent had expired prior to the effective date of that statute. In this connection we are referred to section 4(a) of the act of July 19, 1952, 66 Stat. 815, 35 U.S. C.A. preceding c. 1 notes, which Act revised, codified and enacted into law new Title 35. That section provides:

"This Act [title] shall take effect on January 1, 1953, and shall apply to all applications for patent filed on or after such date and to all patents granted on such applications. It shall apply to further proceedings on applications pending on such date and to patents granted on such applications except as otherwise provided. It shall apply to unexpired patents granted prior to such date except as otherwise provided."

We are called upon to consider the meaning of the final sentence of that section and to decide whether the new Patent Act, with the tolling provision relied on, is applicable to plaintiff's patent.

The literal application of the new Patent Act, according to section 4(a), is to patents still in effect on January 1, 1953, to patents to be issued in the future on applications then pending, and to patents to be issued in the future on applications made on or after January 1, 1953. Since Patent No. 20,251 had expired some months prior to January 1, 1953, and was wholly in the public domain on that date, it would appear that the Act does not apply to plaintiff's cause of action.

The defendant cites a number of cases for the proposition that the new Patent Act applies only to unexpired patents and is not retroactive to expired patents. For the most part, these cases are not particularly helpful since they merely reiterate the language of the Act. Deserving of mention, however, is Judge Learned Hand's opinion in Lyon v. Bausch & Lomb Optical Co., 2 Cir., 1955, 224 F.2d 530; certiorari denied 350 U.S. 911, 76 S.Ct. 193, 100 L.Ed. 799, rehearing denied 350 U.S. 955, 76 S.Ct. 341, 100 L.Ed. 831. At page 536 of 224 F.2d, he says:

"We assume that the usual presumption against retroactivity would have applied * * * had the purpose not been so explicit to make the Act retroactive; but § 4(a) leaves no possibility of doubt as to that: it is to 'apply to unexpired patents granted prior to such date' January 1, 1953, 'except as otherwise provided'; and all that was 'otherwise provided' was in § 4(e): 'Nothing contained in Title 35, as enacted by section 1 hereof, shall operate to nullify any judicial finding prior to the effective date of this Act on the validity of any patent by a court of competent jurisdiction.'"

He recognized, in other words, that familiar principles of statutory construction hold that newly enacted laws are to be applied prospectively unless otherwise provided. The new Patent Act, therefore, would ordinarily have applied to patents issued on or after January 1, 1953, only, had section 4(a) not extended the applicability of the Act to patents still unexpired on that date. We are unable to find any similar expressed extension of the Act which would cover patents already expired on the effective date, even where the patentee still had a viable right to pursue administrative claims before and after the effective date.

In Hebern v. United States, 1955, 132 F.Supp. 451, 132 Ct.Cl. 344, this court granted defendant's motion to dismiss a plaintiff's claim to the extent that it related to two patents which had expired not only more than six years prior to the filing of suit but also prior to the effective date of the new Patent Act. The only difference between the Hebern case and this is that in Hebern the administrative claim was also filed prior to the effective date of the Act, while here it was filed after. In both cases, the administrative claims were denied subsequent to January 1, 1953.

Plaintiff would have us hold that the aforesaid difference is sufficient to deny the defendant's motion. Plaintiff's basic, indeed, it seems, only, claim to the protection of the tolling provision is its statement that the whole processing of

its administrative claims was accomplished under the new Patent Act. If, by this, plaintiff means that it was accomplished after the Act became law, that is true. But we are unable to find any authorization or machinery for the presentation and determination of administrative claims for infringement in the new Patent Act or, for that matter, in its predecessor. Such authority must come from some other statute or regulation.

 We acknowledge that the tolling provision of the Act is as much for the benefit of the Government as it is for the benefit of patentees. It permits Government agencies to dispose of such claims outside of court, if they are meritorious, without the threat of the claimant's being forced to remove the matter to court to avoid the running of the statute of limitations. If we do not apply the tolling provision in this case, the plaintiff says, we will be frustrating an admitted purpose of the Act. Unquestionably, 35 U.S.C. § 286 is designed to encourage patentees to present any claims for infringement initially to the proper Government agency to afford it the opportunity of correcting its own mistakes after due deliberation. Not to have included the provision which tolls the statute of limitations would have discouraged patentees from taking such action.

However, the plaintiff has suggested no sufficient reason, based either in law or sound policy, which would move us to apply the new Patent Act, with its tolling provision, beyond its expressed limits, namely, patents in being or to come into being on or after the effective date of the Act. If the Congress had intended the Act to apply to *expired* patents which were still amenable to administrative settlement on January 1, 1953, it could and would have done so. It did not, and that is enough for us.

Since more than six years intervened between the accrual of plaintiff's cause of action on Patent Reissue No. 20,251 and the date on which the petition was filed, and since the tolling provisions of 35 U.S.C. § 286 are inapplicable to this matter, the defendant's motion must be granted and the petition will be dismissed to the extent that it relates to Patent Reissue No. 20,251.

It is so ordered.

JONES, Chief Judge, and LARAMORE, MADDEN and WHITAKER, Judges, concur.