Jo C. CALHOUN, Jr., and Esther C. Young, Executors of the Estate of Niels A. Christensen, Deceased

v.

The UNITED STATES.

No. 432–55.

United States Court of Claims.

Dec. 17, 1965.

Albert R. Teare, Cleveland, Ohio, attorney of record, for plaintiffs.

Henry Van Arsdale, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

COWEN, Chief Judge.

This case comes before the court on defendant's request under our rule 55(a) (3) for review of the trial commissioner's order of June 25, 1965, fixing the period of accounting for recovery in the case. In our decision of December 11,

1964, 339 F.2d 665, 168 Ct.Cl. 663, judgment was entered for plaintiffs for unauthorized use by defendant of plaintiffs' claim 5 of their patent with the amount of recovery to be determined pursuant to our rule 47(c)(2).

On June 15, 1965, plaintiffs filed their motion for an extension of the accounting period in the case from November 19, 1955, the date plaintiffs' petition was filed in this court, to November 21, 1956, the date of expiration of the patent in suit. Over defendant's opposition, Commissioner Donald E. Lane granted plaintiffs' motion and issued the order now before us for review.

It is defendant's position that recovery for the unauthorized use of a patented invention may be had only for the period beginning 6 years preceding the filing of the petition and terminating at the filing of the petition or the date when the patent expires, whichever is earlier. In this case, the patent was in force for 1 year and 3 days after the filing of the petition and defendant contends that since plaintiffs did not file a new suit prior to the expiration of 6 years from November 19, 1955, recovery for the additional period is barred by 28 U.S.C. § 2501.

The nature of an action brought in this court under 28 U.S.C. § 1498 by the owner of a patent for the reasonable and entire compensation for unauthorized manufacture or use of the invention by the Government and the application of the 6-year statute of limitations to such an action was considered by this court in Irving Air Chute Co., Inc. v. United States, 93 F.Supp. 633, 117 Ct.Cl. 799 (1950). In that case the Government contended that since 28 U.S.C. § 1498 is an eminent domain statute, a suit by the patent owner is barred by limitations unless filed within 6 years of the first use by the Government. Although the court accepted the Government's description of the nature of the action, it rejected the defendant's contention regarding the application of the statute of limitations. The court noted that a literal adherence to the "taking" simile would require that reasonable and entire compensation be determined on the first use of the invention. The normal life of a patent is 17 years and the court held that the possibility of future use by the Government, in terms of the number of units of the patented device manufactured, was so speculative that a rational judgment could not be rendered at the time of the first use. Since recovery is normally in the nature of a royalty on each item used by the defendant, the total number of units used is important in determining reasonable and entire compensation. For these reasons, the court treated the action on the patent as a continuing claim and held that a new claim accrues in behalf of the patent owner on each successive use of the invention by the Government. Recovery was allowed for uses within 6 years prior to the filing of plaintiffs' petition, although Government use had commenced sometime prior thereto.

Since Irving Air Chute, this court has held that plaintiffs may not recover for the manufacture and use of an invention occurring more than 6 years prior to the filing of the petition. Hebern et al. v. United States, 132 F.Supp. 451, 132 Ct.Cl. 344 (1955). In no case, however, have we decided whether, without filing an additional and timely petition, a plaintiff may recover for any Government use that occurs between the filing of the original petition and a judgment holding defendant liable.[1]

■ Of decisional importance in this case is that plaintiffs' right to recover for Government use for the duration of the life of the patent has been put in issue explicitly by the pleadings. The petition, which was filed November 19,

---

1. In Ushakoff et al. v. United States, Ct. Cl., 327 F.2d 669, the court on February 5, 1965, denied plaintiffs' motion to vacate the trial commissioner's order which denied plaintiffs discovery for an 8-month period subsequent to the filing of the petition. However, the court's action was "without prejudice" and does not constitute a final decision on the question.

1955, alleged that defendant had been using plaintiffs' invention without payment of royalty and in infringement of the patent since April 28, 1952, stated that the injury was a continuing one, and prayed for an accounting and an award of damages. Defendant's answer was filed on February 12, 1957, after the patent had expired on November 21, 1956. In the answer, the defendant denied that it had made any use of the invention since April 28, 1952, and alleged that the patent was invalid during its entire term. Under these circumstances, we think the question before us should be resolved by the application of the principle announced in Gila River Pima-Maricopa Indian Community, et al. v. United States, 140 F.Supp. 776, 135 Ct.Cl. 180 (1956), 157 Ct.Cl. 941 (1962). In that case, which involved a continuing claim, the court stated:

> It is the usual rule that a court once having obtained jurisdiction of the persons and subject matter of a suit, retains such jurisdiction for all purposes including the awarding of all damages accruing up to the date of judgment. This is a good rule and we find nothing that would prevent its application here.

The same rule has been applied generally by this court in pay cases in which, as a result of a judgment that defendant is liable, additional pay is due the plaintiff in the period after the petition is filed. Gordon v. United States, 140 F. Supp. 263, 134 Ct.Cl. 840 (1956) ; Barnes v. United States, 163 Ct.Cl. 321 (1963) ; Lerner v. United States, 168 Ct.Cl. 247 (1964).

The decision in Irving Air Chute, supra, was based to some extent upon the statute relating to suits by owners of patents against private infringers, 35 U.S.C. § 70 (now 35 U.S.C. § 286), which provides that no recovery may be had for any infringement committed more than 6 years prior to the filing of the complaint in the action. With respect thereto, the court stated:

> \* \* \* We recognize of course that Congress, having made its in-

tention clear in the case of the private litigants might have done the same in the case of suits against the Government on patents, if it had so intended. We think however, that the negative inference is not so likely to be correct as the inference that Congress would have desired that 28 U.S.C. § 1498 should, though not specific on the point, be given, if the text would permit, the same interpretation which the clear language of 35 U.S.C. § 70 gives for private litigants. \* \* \* (93 F. Supp. at 636, 117 Ct.Cl. at 805).

The observation that the two statutes should be given the same interpretation on questions involving the statute of limitations finds some support in Public Law 593, 66 Stat. 792, an act "To revise and codify the laws relating to patents and the Patent Office, and to enact into law title 35 of the United States Code entitled 'Patents.' " Section 286 of Public Law 593 reenacted 35 U.S. C. § 70, with slight changes in language, and it now appears as 35 U.S.C. § 286. At the same time, Congress added as a second paragraph of Section 286 a new provision which extends the period of limitations with respect to suits in the Court of Claims in certain instances when administrative consideration is pending.

In many cases in the Federal district courts, accounting and recovery have been allowed to private litigants for damages sustained after the filing of a complaint under 35 U.S.C. § 271. Marsh v. Nichols, Shepard and Company, 128 U.S. 605, 9 S.Ct. 168, 32 L.Ed. 538 (1888) (accounting for profits after suit allowed) ; Bishop & Babcock Mfg. Co. v. Fulton Co., 37 F.2d 293 (6th Cir. 1930) (accounting allowed until expiration of the patent) ; Parker et al. v. Brown & Root et al., 198 F.Supp. 795 (D.C.S.D. Tex.1961) (accounting allowed until the date of final judgment). See Providence Rubber Company v. Goodyear, 9 Wall. (76 U.S.) 788, 800–801, 19 L.Ed. 566 (1869). Defendant acknowledges that such relief has been granted in the dis-

trict courts, but contends that it is peculiar to the equity jurisdiction of those courts in patent cases. We agree that there are distinctions between an action for patent infringement under 35 U.S.C. § 271 and a suit in this court under 28 U.S.C. § 1498. However, we do not see and defendant has not shown us how the equitable jurisdiction of the district courts relates to or enlarges the authority of those courts to permit an accounting for damages sustained between the filing of the complaint and the entry of a judgment that the patent has been infringed. Therefore, when a plaintiff's right to recover has been put in issue in the manner that was done by the pleadings in this case, we hold that the plaintiff would be entitled to an accounting for any Government use or manufacture that occurs between the filing of the original petition and the expiration of the patent or the entry of final judgment, whichever occurs first.

Lamar's Case, 7 Ct.Cl. 603 (1871) and Chicago & Alton R.R. Co. v. United States, 57 Ct.Cl. 300 (1922) upon which defendant relies, are not in conflict with what we have said above. Lamar's Case is a brief *per curiam* opinion in which the reasoning of the court is not apparent. However, it was not a patent case and did not involve a continuing claim. Chicago & Alton R.R. Co. was a suit in which plaintiff sought to amend its petition by seeking recovery upon separate and different contracts than those covered by the original petition. Since different defenses were applicable to the later contracts and it appeared that the liabilities on such contracts would be different, the court held that the amended petition was barred by the statute of limitations.

■ Defendant also points out that the practice in this court has been for plaintiffs' attorneys to file additional petitions covering the manufacture and use of their inventions in the period subsequent to the filing of the original petition. Although no harm has been done by the filing of such additional pleadings in those cases, the legal issue presented here cannot be decided on the basis of what some parties have thought the law required.

For the reasons stated, defendant's motion to vacate the order entered by the trial commissioner is denied, and the commissioner's action is affirmed.