Alexis E. **USHAKOFF** and Stanley A. Baron

v.

The **UNITED STATES.**

Nos. 2–58, 297–64.

United States Court of Claims.

April 14, 1967.

See also 164 Ct.Cl. 455, 327 F.2d 669.

William H. K. Donaldson, Salem, Mass., attorney of record in No. 2–58, and of counsel in No. 297–64. L. William Bertelsen, Boston, Mass., attorney of record in No. 297–64, and of counsel in No. 2–58. Kenway, Jenney & Hildreth, Boston, Mass., of counsel.

Louise O'Neil, Washington, D. C., with whom was Asst. Atty. Gen. Barefoot Sanders, for defendant.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS, COLLINS, SKELTON and NICHOLS, Judges.

## OPINION

PER CURIAM.

This case was referred to Trial Commissioner Donald E. Lane with directions to make findings of fact and recommendation for conclusions of law. The commissioner has done so in a report and opinion filed on August 18, 1966. Exceptions were filed by the parties and the case has been submitted to the court on the briefs of the parties and oral argument of counsel. Since the court agrees with the trial commissioner's findings of fact, opinion and recommended conclusion of law, with minor modifications in the findings, it hereby adopts the same, as modified, as the basis for its judgment in this case, as hereinafter set forth. Plaintiffs are therefore entitled to recover compensation for the 1952–1964 period with reasonable and entire compensation in these cases to be recovered by plaintiffs in the sum of $125,000 and judgment is entered for plaintiffs in this amount.

## OPINION OF COMMISSIONER *

LANE, Commissioner.

These are patent suits under Title 28 U.S.C. § 1498 for reasonable and entire compensation for the unauthorized use of plaintiffs' patented invention relating to an inflatable solar still for converting salt water to drinking water through utilization of radiant energy from the sun. In an earlier opinion, the court held in case 2–58 that patent 2,455,835 was valid and infringed, and that defendant is liable. (Opinion *per curiam*, 327 F.2d 669, 164 Ct.Cl. 455 (1964).) Plaintiffs filed a second petition, case 297–64, similar to the original petition, to cover further unauthorized use. The two cases were consolidated by the commissioner

for an accounting of reasonable and entire compensation. In April 1966, the court denied defendant's motion for a new trial. These cases are now before the court for determination of the compensation to be recovered by plaintiffs.

As indicated in the accompanying findings of fact, during the 1952–1964 period defendant procured for its use 225,522 infringing solar stills at a total cost of $2,027,544.60, at an average cost of $8.99 per still. The issues include the recovery period and the amount of compensation.

There is no question that the petition in case 2–58 covers the 6-year period January 2, 1952, to January 2, 1958, and that the petition in case 297–64 covers the 6-year period September 8, 1958, to September 8, 1964. Defendant contends that plaintiffs should not be allowed to recover for the 8-month interim period, January to September, 1958.

On February 5, 1965, the court denied *without prejudice* plaintiffs' motion to vacate a commissioner's order which denied discovery to the plaintiffs for the 8-month interim period. The subsequent accounting trial has included said period and the parties have stipulated that the defendant procured some 21,113 solar stills costing $200,573.50 during that period.

It is concluded that in the circumstances of the present consolidated cases, plaintiffs must be awarded compensation for defendant's unauthorized use of the patented invention during said 8-month interim period. This conclusion is not based upon stretching the 6-year statute of limitations backward from the start of the 6-year period in case 297–64. It is based upon the court's jurisdiction under Title 28 U.S.C. § 1498 to grant "reasonable and entire" compensation in case 2–58. It would be unreasonable to require a patent owner to file a new petition each time the defendant procured another identical solar still, or to require the patent owner to file a new and identical petition every 6 years.

---

* The opinion, findings of fact and recommended conclusion of law are submitted under the order of reference and Rule 57(a).

Entire compensation for defendant's unauthorized use of a patented invention may include compensation for use between the date of filing of the patent owner's petition and the date of judgment unless the patent expires sooner. In case 2–58, the court's judgment that defendant is liable was dated January 24, 1964. The petition in case 2–58 alleged in paragraph (6) that "the Department of the Air Force and the Navy Department have refused to pay the Petitioners any compensation whatsoever, *and are continuing to procure and use* the Petitioner Ushakoff's Solar Still without paying compensation to the Petitioners for such use and manufacture." [Emphasis added.] Defendant has stipulated the number and cost of stills it procured in the interim period. Petitioners' compensation will not be entire unless it covers the stills procured in the interim period.

This court has recently held that a petitioner was entitled to an accounting for any Govenment use or manufacture that occurs between the filing date of the original petition and the expiration of the patent or the entry of final judgment, whichever occurs first. (Opinion by Chief Judge Cowen, Calhoun v. United States, 354 F.2d 337, 173 Ct.Cl. 893 (1965).) In the *Calhoun* case, the patent expired 1 year and 3 days after the petition was filed. The court affirmed a commissioner's order extending the recovery period for that period of time. In the instant case, the recovery period will include the 8-month period subsequent to the filing of the petition in case 2–58.

Defendant argues that the court erred in its opinion in the *Calhoun* case, supra, that the doctrine of continuing claims as applied in pay cases is inapplicable to patent cases, and that the court went beyond the letter of the statute, Title 28 U.S.C. § 1498, in holding that a petitioner may be entitled to an accounting for any Government use that occurs between the filing of the original petition and the expiration of the patent or the entry of final judgment, whichever occurs first. These arguments do not restrict the jurisdiction conferred on the Court of Claims by § 1498 to enter judgment for "reasonable and entire compensation" for unauthorized use of a patented invention. As stated above, it would be unreasonable to require a patent owner to file a new action every time the defendant purchases another solar still or to require the patent owner to file a new action every 6 years for the life of his patent. The patent owner's compensation would not be "entire" if admitted uses subsequent to the filing date of his petition are noncompensable.

Computation of the amount of reasonable and entire compensation for the present consolidated actions is difficult. Plaintiffs contend that compensation should be calculated upon three factors, the first being the improvement of the ease, convenience, and simplicity of operation of the patented solar still, the second being the actual dollar savings to defendant due to lower cost, and the third being the indirect savings arising from greater water productivity per still. The patented still is essentially a military item which has not been produced or licensed commercially. There is no established royalty for this patented invention. Defendant contends that the amount of reasonable and entire compensation should be between the 2–3 percent rates adopted by the court in Badowski v. United States, 278 F.2d 934, 150 Ct.Cl. 482 (1960). The difference between plaintiffs' and defendant's contentions is the difference between $1,062,749.87 and $54,808.14, a difference in excess of one million dollars.

Plaintiffs specifically contend that compensation should be at a rate of about 25 percent of the estimated savings in cost to the defendant. In 1944 the Air Corps was authorized to purchase 100,000 stills of the Gallowhur type at $11.00 each. In 1945 the defendant contracted with Higgins Industries, Inc. for 172,678 stills of the Ushakoff type at $7.82 each. Plaintiffs urge that the total saving was $11.00 less $7.82 plus $11.00, since one patented still produced twice as much water as two Gallowhur stills. On this basis the total saving is $14.18 per still.

Plaintiffs ask that compensation be set at $3.57 per still, which amount is about 25 percent of $14.18. Plaintiffs ask for interest as part of their compensation, to be computed from the middle of the 1952–1964 period, i. e., from 1958 to 1966, roughly 8 years. At plaintiffs' $3.57 rate for each of 225,522 stills plus interest at 4 percent for 8 years, compensation would amount to $1,062,749.87. This total sum is about 39.7 percent of the defendant's actual cost of the stills plus interest. It is concluded that such a rate is far in excess of a royalty rate the defendant or any other possible user of stills would have been willing to pay for a license under the Ushakoff patent in 1952.

Defendant contends that compensation should not exceed the 3 percent rate adopted in the *Badowski* case, supra, in view of defendant's expense in testing models of the Ushakoff stills. It is not possible to determine from defendant's termination settlement of its contract with Higgins or from defendant's added expense in operating a PT boat assigned to other duties just what expenses might be attributed to solar still tests, nor is it ascertainable that all tests made by defendant were necessary. Defendant's desire to set-off test expenses against any compensation is not clear enough to warrant further consideration. At defendant's rate of no more than 3 percent on solar stills costing the defendant $2,-027,544.60, compensation would amount to $60,826.34. It is concluded that this rate is somewhat less than the defendant might have been willing to pay for a license in 1952.

The plaintiffs' and defendant's contentions on compensation are far apart and neither is convincing under all the facts of the present cases. The court may utilize its own judgment in this matter. After considering the facts and the contentions of the parties, it is concluded that plaintiffs' reasonable and entire compensation for defendant's unlicensed use of the patented solar still invention during the full period from January 2, 1952, to September 8, 1964, should be the sum of $125,000.00. This sum provides a royalty at a rate slightly below 5 percent of defendant's actual purchase costs and includes interest at 4 percent per year for 8 years to compensate for delays.