**Robert W. HEINEMANN**

v.

**The UNITED STATES.**

No. 202–79C.

United States Court of Claims.

April 16, 1980.

Wilsie H. Adams, Jr., Washington, D. C., attorney of record, for plaintiff. Janis A. Cherry and Sellers, Conner & Cuneo, Washington, D. C., of counsel.

Claud A. Daigle, Jr., Washington, D. C., with whom was Asst. Atty. Gen. Alice Daniel, Washington, D. C., for defendant. Vito J. DiPietro, Washington, D. C., of counsel.

Before FRIEDMAN, Chief Judge, and NICHOLS and SMITH, Judges.

## ON DEFENDANT'S MOTION TO DISMISS

SMITH, Judge:

This case involving a patented invention is before the court on defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted. Three causes of action are set forth in plaintiff's petition: patent infringement (count I); damages caused by reason of a secrecy order imposed with respect to the application for a patent for the invention and by reason of defendant's alleged use of the patented invention (count II); and a taking under the fifth amendment (count III). In determining whether to grant defendant's motion, we have assumed that the facts underlying the case are as alleged by plaintiff. For the reasons discussed below and without oral argument, we deny defendant's motion as to counts I and III; and we grant defendant's motion as to count II.

When plaintiff filed the petition in this case on May 15, 1979, he was, and had been since 1957, employed by defendant at the Picatinny Arsenal in New Jersey. In late 1965, he invented a "low density indirect fire munition system." He alleges that he created the invention at home during his nonwork hours, that he used no Government property to create the invention, and that his Government work involved matters unrelated to the invention. In January 1966, he submitted an invention disclosure, an invention rights questionnaire, and a military invention record to officials affiliated with the Picatinny Arsenal. No one at the arsenal or anyone else representing defendant made a determination of plaintiff's rights to or interest in the invention.

In March 1972, defendant demanded of plaintiff that he assign the invention to defendant. According to plaintiff, an attorney affiliated with the legal office of the Picatinny Arsenal made the demand in a telephone conversation between the attorney and plaintiff. In the conversation, plaintiff alleges, the attorney told him erroneously that the law required him to make the assignment. As support for his erroneous view that the law required plaintiff to make the assignment, the attorney cited to plaintiff certain official Army documents the contents of which plaintiff alleges to have been inaccurate. According to plaintiff, the same attorney sent to him an official Army document which purported to quote the law governing a federal employee's rights in his invention, but which quotation omitted a part of the law which would have revealed to plaintiff that he was entitled to retain all rights in the invention.

Allegedly relying on the legal opinion expressed by the attorney and on the documents which the attorney mentioned or sent to him, plaintiff assigned his invention to defendant on March 23, 1972. Defendant filed a patent application for the invention in April 1972. In August 1972, defendant recorded the assignment at the United States Patent and Trademark Office. In April 1974, the patent application was placed under a secrecy order. Eventually the order was lifted and, on September 27,

1977, United States Patent No. 4,050,381 (the '381 patent), covering plaintiff's invention, was issued to defendant.[1]

■ In count I of the petition, plaintiff invokes the jurisdiction of the court under 28 U.S.C. § 1498(a) (1976). Section 1498(a) reads in relevant part:

(a) Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the *owner* thereof or lawful right to use or manufacture the same, the *owner's* remedy shall be by action against the United States in the Court of Claims for the recovery of his reasonable and entire compensation for such use and manufacture. [Emphasis supplied.]

Defendant contends that "owner" as used in the statute means merely the holder of record title to the allegedly infringed patent. Thus, according to defendant, section 1498(a) grants to the court jurisdiction of a patent infringement claim against the United States only if the claim is made by the holder of record title to the allegedly infringed patent.[2] In the instant case, plaintiff is not and has never been the holder of record title to the '381 patent. This distinction has rested, from the time of issuance of the patent to the present, on defendant.

Thus, defendant argues, the court lacks jurisdiction to entertain count I of plaintiff's petition.

Nothing in the text of section 1498(a) limits the meaning of "owner" to holder of record title. Nothing in the legislative history of the section indicates that Congress intended "owner" to have such a limited meaning.[3] No case of this court has construed "owner" to have such a limited meaning.[4] In fact, no case of this court has dealt specifically with the issue.[5]

We hold that "owner" as used in section 1498(a) does not mean merely the holder of record title to the allegedly infringed patent. At a minimum, it refers to the person equitably entitled to the rights in the patent. In short, "owner" includes the equitable owner of the patent.

■ Plaintiff argues, in effect, that he is the equitable owner of the '381 patent. The linchpin of his argument is his assertion that his assignment of the '381 invention to defendant must be set aside by this court. That we have equitable power to set aside an assignment where our exercise of such power is incidental to a determination of a plaintiff's entitlement to a money judgment for patent infringement cannot be gainsaid.[6] In the instant case, plaintiff alleges facts which, when fleshed out, might pro-

1. According to plaintiff, the invention has been manufactured and used by or for defendant from the time of his disclosure of it in 1966.

2. In other words, defendant argues that the United States, as sovereign, has not consented to be sued for patent infringement by anyone except the holder of record title.

3. See H.R.Rep.No.1726, 82d Cong., 2d Sess. (1952), *reprinted in* [1952] U.S.Code Cong. & Admin.News, p. 2322.

4. *See, e. g., Dorr-Oliver, Inc. v. United States*, 193 Ct.Cl. 187, 432 F.2d 447 (1970).

5. We note, however, our order in *Bates v. United States*, 214 Ct.Cl. 832 (1977). The plaintiff in that case was not the holder of record title to the allegedly infringed patent. Prior to the issuance of the patent, he had assigned his "entire right, title and interest" in the application for the patent to an attorney. *Id.* at 833. The assignment was recorded at the United States Patent and Trademark Office.

Even though plaintiff was not holder of record title to the patent, plaintiff argued that he owned the patent because he and the attorney had intended the assignment merely to convey a security interest in the patent. Having moved for *summary judgment*, defendant argued, apparently, (1) that the assignment was not a mere security device, but was a conveyance of plaintiff's entire interest in the patent; and (2) that, therefore, plaintiff did not own, even equitably, the patent. Denying defendant's motion, we remanded the case to the trial division for a determination of the meaning of the assignment and of who owned the patent. Thus, in *Bates*, we exercised subject matter jurisdiction even though the plaintiff was not the holder of record title to the allegedly infringed patent.

6. *See Pauley Petroleum Inc. v. United States*, 219 Ct.Cl. ——, 591 F.2d 1308, *cert. denied*, 444 U.S. 898, 100 S.Ct. 206, 62 L.Ed.2d 133 (1979).

vide equitable grounds for our setting aside the assignment[7] and for regarding plaintiff as the owner of the '381 patent. Thus, as to count I of the petition, we deny defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim for which relief can be granted.[8]

■ Count II of plaintiff's petition is a claim under 35 U.S.C. § 183 (1976). Defendant seeks dismissal of count II on the basis of the following language in section 183:

> * * * This section shall not confer a right of action on anyone or his successors, assigns, or legal representatives who, while in the full-time employment or service of the United States, discovered, invented, or developed the invention on which the claim is based.

Because plaintiff was a full-time employee of the United States at the time he created the '381 invention, defendant contends that he has no right of action under section 183.

Plaintiff appears to acknowledge that the quoted language of section 183 would deprive him of a right of action under the section unless we construe—in effect, modify—the quoted language by reading into it the following language from 28 U.S.C. § 1498(a) (1976):

> A Government employee shall have the right to bring suit against the Government under this section except where he was in a position to order, influence, or induce use of the invention by the Government. This section shall not confer a right of action on any patentee or any assignee of such patentee with respect to any invention discovered or invented by a person while in the employment or service of the United States, where the invention was related to the official functions of the employee, in cases in which such functions included research and development, or in the making of which Government time, materials or facilities were used.[9]

Plaintiff argues that this language should be read into section 183 because, according to plaintiff, Congress intended the class of persons to whom section 183 grants a right of action to be coextensive with the class of persons covered by the jurisdictional grant of section 1498(a).[10]

---

7. Such grounds might be mistake or undue influence. See 6A C.J.S. Assignments § 58 (1975).

8. Defendant attacks our jurisdiction on one other ground. It argues, in boilerplate fashion, that plaintiff's claim in count I is really a claim for damages for the tort of negligent misrepresentation. To make this argument, defendant blinds itself to the obvious. Plaintiff's count I is a claim for reasonable and entire compensation for defendant's alleged infringement of the '381 patent through unauthorized use and manufacture of the '381 invention. The fact that tortious conduct on the part of defendant might have preceded and given rise to the alleged infringement does not vitiate the power of this court under 28 U.S.C. § 1498(a) (1976) to determine whether there has been an infringement. See generally Eastport S.S. Corp. v. United States, 178 Ct.Cl. 599, 372 F.2d 1002 (1967).

9. The quoted language became part of section 1498 pursuant to an amendment of the section enacted on July 17, 1952. Prior to the amendment, the section provided in pertinent part:
"This section shall not confer a right of action on any patentee who, when he makes such a claim, is in the employment or service of the United States, or any assignee of such patentee, and shall not apply to any device discovered or invented by an employee during the time of such employment or service."
This language was still part of the section when, on February 1, 1952, section 183 was enacted as part of the Invention Secrecy Act of 1951, Pub.L.No.82–256, § 3, 66 Stat. 4 (1952).

10. In essence, plaintiff argues the following syllogism: (1) When Congress enacted section 183, Congress intended the language of the section regarding federal employees to be coextensive in coverage with the counterpart language of section 1498(a). From the time of enactment to section 183 to the time of the July 17, 1952, amendment of section 1498(a), their coverages were coextensive. (2) On July 17, 1952, Congress amended section 1498(a) to permit certain full-time federal employees to bring an action against the United States. (3) Therefore, Congress must have intended that the meaning of the section 183 language regarding federal employees be viewed as having changed so as to conform to the meaning of the amended language of section 1498(a).

The syllogism is unconvincing for several reasons. First, the accuracy of premise (1) is questionable. Second, what Congress intended on July 17, 1952, might have been different from what it had intended at the time section

We find no warrant in the legislative histories of section 183 and of section 1498(a)[11] for modifying the quoted language of section 183 in the manner urged by plaintiff. Construing the quoted language to mean what it appears to say, we hold that plaintiff has no cause of action under section 183 because he was a full-time federal employee at the time he created the '381 invention. Thus, as to count II of the petition, we grant defendant's motion to dismiss.

■ Count III of plaintiff's petition is a fifth amendment taking claim. Defendant seeks dismissal of count III on the grounds that it has always maintained that it is entitled at least to a royalty-free license in the '381 invention and that its use of the invention has been authorized by plaintiff's "voluntary" assignment of the invention to it. Defendant maintains that its use of the invention under these circumstances is inconsistent with a taking under the fifth amendment and would preclude our finding such a taking.

We disagree. Defendant's argument is premised on the ancient claim of right doctrine. This doctrine arose from and is applicable to the contract-based jurisdiction of the court. The gist of the doctrine is that no implied promise by the United States to pay compensation for its taking possession of or for its using property can be found where it is acting under a claim of right to possess or to use the property. Here, however, plaintiff is not alleging that an implied promise or contract is the source of defendant's obligation to compensate him for its having used the '381 invention. Plaintiff's claim is that the *fifth amendment* obligates defendant to pay him compensation and that the amendment attaches this obligation to defendant whether or not defendant has intended to take or has believed that it is taking property belonging to another. That a taking without just compensation of property belonging to another is a taking under the fifth amendment whether or not the United States intends to take or believes that it is taking property belonging to another is a proposition which has been affirmed by this court.[12]

■ Of course, in order to find that the '381 patent belongs to plaintiff, we must find that his assignment of the '381 invention to defendant is void. But this is precisely what plaintiff is arguing. He is arguing that the assignment was not voluntarily made because it was the product of mistake and undue influence. If he is correct, he might be the equitable owner of the '381 patent; if he is, defendant's use of the '381 invention would constitute a taking under the fifth amendment.[13] Thus, as to count III of the petition, we deny defendant's motion to dismiss.[14]

183 was enacted. Third, Congress, not the courts, must legislate the intention of Congress. Fourth, Congress has not chosen to conform by amendment the section 183 language regarding federal employees to the amended language of section 1498(a). Fifth, 2 days *after* it amended section 1498(a), Congress, having codified the section 183 language regarding federal employees in title 35 of the United States Code, enacted title 35 into positive law.

11. *See* S.Rep.No.1001, 82d Cong., 1st Sess. (1951); H.R.Rep.No.1028, 82d Cong., 1st Sess. (1951); and note 3 *supra*.

12. *Sioux Tribe of Indians of the Lower Brule Reservation, South Dakota v. United States*, 161 Ct.Cl. 413, 416, 315 F.2d 378, 379, *cert. denied*, 375 U.S. 825, 84 S.Ct. 66, 11 L.Ed.2d 57 (1963).

13. *See generally Jacobs v. United States*, 290 U.S. 13, 16, 54 S.Ct. 26, 27, 78 L.Ed. 142 (1933); *Bourgeois v. United States*, 212 Ct.Cl. 32, 545 F.2d 727 (1976); *West Va. Pulp & Paper Co. v. United States*, 124 Ct.Cl. 292, 109 F.Supp. 724 (1953); *Foster v. United States*, 120 Ct.Cl. 93, 98, 98 F.Supp. 349, 351 (1951), *cert. denied*, 342 U.S. 919, 72 S.Ct. 365, 96 L.Ed. 687 (1952).

14. In a footnote in its reply brief, defendant argues that, if there has been a taking, it occurred when plaintiff assigned the '381 invention to defendant; and, therefore, that a cause of action based on such a taking would be barred by 28 U.S.C. § 2501 (1970), the 6-year statute of limitations. If plaintiff is correct, however, the assignment was void and defendant took nothing thereby. Moreover, plaintiff's taking claim is for defendant's *use* of the '381 invention, which use plaintiff alleges to be continuing to the present time. Thus, the statute of limitations does not appear to be a complete bar to count III of the petition.

Defendant's motion to dismiss is denied as to counts I and III of the petition; it is granted as to count II of the petition and this count is hereby dismissed; and the case is remanded to the trial division for further proceedings consistent with this opinion.