This patent infringement suit[1] is before the court on plaintiffs motion for partial summary judgment. Plaintiff has filed in connection with this motion a request for deferred review of an order entered by Trial Judge Joseph V. Colaianni on July 24, 1980, which order denied the parties’ joint motion for separate trials. Pursuant to Rule 131(b), plaintiff and defendant moved for a separate trial in order to resolve initially the contested ownership issue and to consider defendant’s allegation that it is entitled to a royalty free license to practice the invention if plaintiff is adjudged to be the owner of the patent. The outcome of this trial would thereby determine whether a trial for the alleged infringement would be necessary since plaintiff could only pursue the matter if he is the owner of the patented invention and if defendant has not acquired the royalty free license. The parties stated in the joint motion that both the court and the parties would save a substantial amount of time, money, and effort if the ownership and license issues were tried separately from the infringement • issue. After conferring with the parties, the trial judge concluded that the possibility of piecemeal litigation precluded him from granting their joint motion. Although he recognized that time may ultimately be saved by ordering separate trials, the trial judge was concerned that it could conceivably take three trials to settle this controversy. If, in the first trial, it should be determined that plaintiff was the owner of the patent and that defendant had not received a license, the infringement issue would therefore need to be *624 tried. If plaintiff should be successful on the infringement issue, the case would be returned for the third time to the trial division for an accounting trial. Although we can appreciate these concerns expressed by the trial, judge as the result of his conference with the parties, our perusal of the briefs which were submitted subsequently by the parties in support of their position leads us to find that a separate trial on the ownership and license issues is appropriate,
Courts have long permitted separate trials of issues which are clearly separable in patent controversies, especially when determination of a single issue could be dispositive of the entire case and thereby eliminate the need for a subsequent trial. See Ludlow Corp. v. Textile Rubber & Chemical Co., 77 F.R.D. 752 (N.D. Ga. 1978); Cataphote Corp. v. DeSoto Chemical Coatings, Inc., 235 F. Supp. 931 (N.D. Cal. 1964); Woburn Degreasing Co. v. Spencer Kellogg & Sons, Inc., 37 F. Supp. 311 (W.D. N.Y. 1941). This court may order separate trials under Rule 131 when conducive to expedition or economy. In this suit, plaintiff is contesting the validity of his patent assignment to the defendant and argues that he was not given proper information concerning his rights, as a Government employee, to the invention. Defendant maintains that the assignment was properly executed and, even absent this assignment, the Government is nevertheless entitled to a nonexclusive royalty free license to practice the invention. Since the parties’ dispute could be resolved by a trial solely on the issues of ownership and license and without presenting any evidence as to the alleged infringement, we think the parties’ joint motion is justified. Both parties point to the considerable savings in time which could result if separate trials are ordered. We think that the parties are in a better position than the court to estimate the length of time needed to try the infringement issue, and we therefore agree that considerable time and effort may indeed be saved if the first trial disposes of the case. Moreover, plaintiff points out that if he should prevail on the first issue, the prospects for a negotiated settlement would appear good at that point.
*625 it is therefore ordered that the trial judge’s order of July 24, 1980, is reversed and vacated. The parties’ joint motion for separate trials is granted. Since plaintiffs motion for partial summary judgment relates to the infringement issue which will be tried separately, we deny without prejudice plaintiffs motion for partial summary judgment.

 This ease was previously before the court on defendant’s motion to dismiss. Heinemann v. United States, 223 Ct. Cl. 479, 620 F.2d 874 (1980).