**Albert L. De GRAFFENRIED, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 541–80C.**

United States Claims Court.

June 6, 1983.

Richard C. Conover, Bozeman, Mont., for plaintiff; Robert E. Isner and Nims, Howes, Collision & Isner, of New York City, of counsel.

Thomas J. Scott, Jr., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## ORDER COMPELLING DISCOVERY

SETO, Judge:

In this patent case, plaintiff, Albert L. de Graffenried, seeks compensation for the de-

fendant's alleged unauthorized taking of property rights in U.S. Patent No. 3,217,568 (hereinafter the '568 patent) entitled a "Device for Controlling the Deep Boring Operations in a Rotating Object," issued to Mr. de Graffenried. Plaintiff asserts that certain machining tools used by the government to bore the barrels of huge Naval and Army artillery, infringe his patent [1].

Defendant moves for a court order to compel plaintiff to (1) answer questions posed during oral deposition regarding the '568 patent; the claimed invention's contribution over the prior art; and the infringement of the '568 patent by the accused devices; (2) answer interrogatories regarding the equitable ownership of the patent in suit, and (3) reimburse defendant for reasonable expenses incurred with this motion to compel.

Defendant's Motion to Compel Discovery Pursuant to Rule 37(a) filed January 25, 1983; plaintiff's Opposition thereto filed February 15, and defendant's Reply filed March 4, raise technically complex discovery issues. Therefore, this court convened a discovery conference to allow each party to respond to the court's queries regarding defendant's pending motion.

At the discovery conference, the discussion focused on plaintiff's objections to defendant's deposition questions; thus, we shall consider those objections here first.

Defendant deposed Mr. de Graffenried during November 9 through 11, 1982. Defendant's avowed purpose for the deposition was to "determine [Mr.] de Graffenried's position respecting certain fundamental issues in this case, namely, the validity of de Graffenried['s] patent [in suit] and its alleged infringement by the [Watervliet] Arsenal." [2,3]

During the deposition, plaintiff's counsel objected to and instructed Mr. de Graffenried not to answer certain questions regarding the disclosure of the '568 patent in suit,

the invention's contribution over the prior art, and the infringement of the '568 patent by the accused devices. The court considered each of the objections and its respective questions at the discovery conference. The questions plaintiff objected to during the deposition were:

(1) Now, does the ['568] patent [in suit] show how this carrier signal would be demodulated to produce a sinusoidal output indicative of horizontal components of acceleration?

(2) Now, if you would look at Government Exhibit 33 [the '568 patent], will you state what your present view is as to the contribution that the subject matter of this patent made to the art of servo mechanism?

(3) Do you believe that the [accused] device used at the Watervliet Arsenal incorporates the subject matter of that claim [in the '568 patent]?

(4) And what portion of the apparatus [the lathe controllers as depicted in the three or more drawings which, as stipulated, illustrate the accused devices] is the means ... adapted to ..., sense the direction and magnitude of runout?

(5) [Does] [t]he [Watervliet] Arsenal's device ... have a sensing means adapted to generate a signal indicative of the direction of runout?

Mr. de Graffenried refused to answer each of the above questions on the grounds that the inquires sought legal conclusions and opinions; that they were unduly onerous in that they would require Mr. de Graffenried to study his patent and the accused device; and that inquires to Mr. de Graffenried's interpretation of documents were improper because those documents spoke for themselves. To mitigate the effect of his objections, plaintiff offered to answer interrogatories similar to those questions left unanswered at the deposition.

---

1. The facts as stated herein are established solely for purposes of this motion.

2. The Watervliet Arsenal, Watervliet, New York.

3. *See,* Defendant's Motion to Compel Discovery, page 5.

The Federal Rules of Evidence govern the deposition of witnesses by oral examination. *See* RUSCC 30(c).[4] Therefore the viability of plaintiff's objections hinges upon their status under the Federal Rules of Evidence.

Each of plaintiff's objections are subsumed under two categories: (1) objections to opinion testimony and, (2) objections to onerous and vague questions. Objections to opinion testimony are governed by Article VII of the Federal Rules, while objections against onerous and vague questions are subject to a trial judge's discretion. Fed.R. Evid. 611.

Mr. de Graffenried, the intervenor and a lay witness, refused to reveal his interpretation of his '568 patent; his opinion about the scope and implications of the prior art; and his conclusions on infringement.

Federal Rule of Evidence 701, entitled Opinion Testimony by Lay Witnesses states:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

■ Although Mr. de Graffenried is a lay witness, he is the patentee of the patent in suit. He has worked extensively in the field of deep-bore machining, and has acted as a consultant to the Waterlviet Arsenal's machining operations. Moreover, in answering interrogatories, Mr. de Graffenried identified himself as knowledgeable of the contents of his patent and its infringement. Because he is technically conversant with the factual subject matter of this suit, Mr. de Graffenried's opinions and inferences regarding his patent, the prior art, and the alleged infringement would assist this court in developing a clear understanding of the facts in issue. Consequently, pursuant to

Fed.R.Evid. 701(b), this court concludes that questions which elicit plaintiff's opinions regarding his '568 patent, its prior art, and its infringement, are proper deposition questions.

■ Mr. de Graffenried improperly circumvented inquiries which sought his interpretation of his patent by responding that the patent document "speaks for itself." A patentee's interpretation of his patent is not precluded by the rule of evidence which generally excludes testimonial opinion on the interpretation of a document. 7 Wigmore on Evidence § 1953 (Chadbourn rev. 1978).

> "[It] is obvious that the interpretation of the meaning of the document in respect to the *ordinary* words, being a part of the function of the court ..., is not for a witness to speak to. *But so far as those words are technical, and the witness speaks to technical usage or meaning there is no prohibition.*"

7 Wigmore on Evidence p. 108, § 1955 (1981) [Emphasis supplied]. A patent is a technical document which the patentee is able to interpret. Consequently, the patentee shall be required to answer questions about the technical substance of his patent. *See Messe v. Eaton Mfg. Co.,* 35 F.R.D. 162 (N.D.Ohio 1964).

Pursuant to Fed.R.Evid. 611(a), plaintiff properly objected to questions which were vague, ambiguous, or onerous. Rule 611 authorizes this court to manage the interrogation of a witness such that it encourages the expeditious divulgence of facts. Obviously, a question must be clear, succinct, and straightforward to allow the responding party to quickly identify the requested information. Vague, ambiguous, or onerous questions do not unearth the truth without needless waste of time, and are properly objectionable.

■ A common example of a vague and ambiguous question in patent cases occurs

---

4. Rule 30(c) states, in part:

(c) Examination and Cross-Examination; Record of Examination; Oath; Objections. *Examination and cross-examination of wit-* *nesses may proceed as permitted at the trial under the provisions of the Federal Rules of Evidence....* [Emphasis supplied].

when the patentee is interrogated regarding his invention's contribution over the prior art, without having previously been advised of a definition of the prior art (see defendant's question 2). The scope and content of the prior art is often the focus of vigorous debate. See *Orthopedic Equipment Co. v. United States,* 702 F.2d 1005, 1008–1010 (C.A.Fed.1983). Moreover, even though determining the prior art is a factual issue, *Sakraidia v. AG Pro, Inc.,* 425 U.S. 273, 280, 96 S.Ct. 1532, 1536, 47 L.Ed.2d 784 (1975), the term "prior art" is generally unfamiliar to all but patent attorneys. Thus, a question which requires a patentee to articulate his interpretation of his invention's contribution to the prior art, is vague, ambiguous, and a compound question because it also demands that the patentee initially define the prior art. Of course, any such question could be clarified by having the interrogator first define the prior art before querying the patentee on his invention's advancement over the prior art.

■ Similarly, interrogating a patentee on his views of the alleged infringement of his patent claims is vague and ambiguous (see defendant's question 3). Determining infringement[5] involves a two-step process of construing the patent claims and then reading those claims upon the accused device. *Autogiro Co. of America v. United States,* 181 Ct.Cl. 55, 68, 384 F.2d 391, 401, 155 U.S.P.Q. 697, 705 (1967). Asking a patentee to construe the patent claim and read it onto the accused device, is objectionable, if framed as a single question. However, such questions are not objectionable if the query is dissected into several parts, such that, for example, the patentee is reading the claim elements onto the accused device one by one (see defendant's questions 1, 4, and 5).

■ Mr. de Graffenried also objected to questions on the grounds that they would be unduly burdensome since he would first have to study both his patent document and the accused device in detail. It is astounding that a patentee, who has brought an action for patent infringement, declared himself knowledgeable of his patent and its infringement, and has been active in the technical field which is the subject of this suit, now avers that he is not fully conversant with the contents of his patent. Undoubtedly, Mr. de Graffenried needed little time, if any, to review his patent, to enable him to adequately answer the questions put to him. Moreover, to answer an inquiry, a deponent need only resort to information available to him during the deposition. Therefore, if Mr. de Graffenried truly did not know the answer to any questions, a sufficient answer would have been "I do not know." Thus, in view of Mr. de Graffenried's familiarity with his patent and his opportunity to simply state he did not know the answer to any question, the court finds that none of the questions posed to plaintiff appear so onerous as to be objectionable.

Mr. de Graffenried has offered to submit written answers to the questions which he refused to answer during deposition. Ostensibly, writing answers to interrogatories may be less burdensome than articulating answers to deposition questions. Consequently, Mr. de Graffenried argues that because written interrogatories are more convenient and as effective as are questions propounded during oral deposition, defendant should pursue written interrogatories, and this court should preclude it from conducting further depositions.

■ However, a party cannot evade oral depositions merely by soliciting written interrogatories. Claims Court Rule 26(a) identifies various methods by which discovery may be prosecuted; those methods include deposition upon oral examination, and written interrogatories. The party employing discovery has the discretion to choose the particular method of discovery that suits his needs best. Absent extraordinary circumstances, this court shall not intervene to preclude a party from exercising certain methods of discovery. Plaintiff adduces no compelling circumstance which

---

5. The determination of infringement is a question of fact, not of law. *Straussler v. United States,* 154 Ct.Cl. 275, 280, 290 F.2d 827, 830, 129 U.S.P.Q. 480, 482 (1961).

would cause this court to intervene and preclude defendant's choice of discovery.

Moreover, plaintiff's assertion that written interrogatories are as effective and less burdensome than oral deposition, is meritless. Deposition upon oral examination is in certain respects preferable to written interrogatories:

> The obvious advantages of a deposition are its flexibility and convenience. Questions can be framed in light of earlier answers, and the scope of the examination is subject only to the general limits of Rule 26(b) as previously discussed. The responses of the deponent are relatively spontaneous, and there are some obvious advantages to a procedure that does not give the witness an opportunity to reflect upon the effect of his answers. An additional advantage is that counsel has the opportunity to evaluate the deponent, not only in terms of the information which he offers but also in the manner in which he communicates it. As a result, at least a general impression of the credibility and persuasiveness of a particular individual can be obtained.

3 White, *Patent Litigation: Procedure and Tactics,* § 5.02[2] (1981).

Defendant has elected to avail itself of oral deposition, and no extraordinary circumstances exist which would justify this court's interference with that election. Therefore, Mr. de Graffenried shall answer, if asked, questions upon oral deposition, regarding his '568 patent and its infringement.

Plaintiff also objects to certain interrogatories which relate to possible equitable interests in the '568 patent and in plaintiff's right to bring this suit.[6] Defendant propounded those interrogatories to discover the identity of other parties who might possess an interest in the '568 patent and who should be made a party to the case at bar. Defendant argues that if all parties possessing an interest in the '568 patent are not joined to this suit, defendant will find itself litigating issues of infringement identical to this suit, in a subsequent suit with an as of yet, unknown plaintiff.

Plaintiff objected to the interrogatories on the ground that 31 U.S.C. § 203 bars plaintiff from assigning his patent claim against the government.[7] Therefore, if plaintiff has assigned his claim, then section 203 bars the assignee from asserting his claim against the government; and if no assignment has been made, then nothing exists to discover. In any event, defendant's interrogatories would not have discovered relevant information.

Plaintiff has ignored, however, the scenario in which plaintiff assigns an equitable interest *in his patent* rather than in his claim against the government, and in which subsequent to adjudication of the case at bar, the assignee brings an action against the government seeking compensation for *infringing his equitable interest in the '568 patent.* Pursuant to such a scenario the government would be forced to defend itself in another suit involving the issue of infringement, but brought by a different plaintiff.

Mr. de Graffenried is free to assign equitable interests in his '568 patent. Those assignees possessing equitable interests in the patent may have the right to bring suit pursuant to 28 U.S.C. § 1498(a) against the government for patent infringement. *Heinemann v. United States,* 223 Ct.Cl. 479, 484, 620 F.2d 874, 877, 206 U.S. P.Q. 418, 420 (1980). As real parties in

---

**6.** Plaintiff submitted written objections to interrogatories 34 through 39 of defendant's second set of interrogatories. Each of those interrogatories concerned the equitable ownership of the '568 patent and plaintiff's right to sue.

**7.** *§ 203 Assignments of claims; set-off against assignee*

*All transfers and assignments made of any claim upon the United States, or of any part or share thereof, or interest therein, whether absolute or conditional, and whatever may be the consideration therefore, and all powers of attorney, orders, or other authorities for receiving payment of any such claim, or of any part or share thereof, except as hereinafter provided, shall be absolutely null and void . . .* [Emphasis supplied]

interests to the case at bar, their identity is relevant and discoverable. Consequently, interrogatories requesting information relating to possible equitable interests in the '568 patent are proper and must be answered by the plaintiff.

Moreover, even though federal law bars Mr. de Graffenried from making a valid assignment of any portion of his *claim,* 31 U.S.C. § 203, the circumstances surrounding any such attempted assignment might illuminate assignments of interest *in the '568 patent.* Because any assignment of interest in the '568 patent is relevant to this case, the court shall permit defendant to discover information relating to purported assignments of plaintiff's claim against the government.

Both parties have requested that the court award the costs they incurred relating to defendant's motion to compel. Each party has propounded meritorious arguments associated with the motion to compel; yet both have asserted meritless positions. Therefore, this court concludes that because both parties contributed equally to the discovery disputes which gave rise to the motion to compel, neither party shall be awarded costs.

IT IS SO ORDERED.

