ROBERT W. AND SONIA HEINEMANN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Heinemann v. Commissioner
Docket No. 48168-86.
United States Tax Court
T.C. Memo 1988-164; 1988 Tax Ct. Memo LEXIS 188; 55 T.C.M. (CCH) 630; T.C.M. (RIA) 88164; April 20, 1988. Robert W. Heinemann, pro se. Jean Kilpatrick for the respondent. WOLFE
*189 MEMORANDUM OPINION WOLFE, Special Trial Judge: Respondent determined a deficiency of $ 3,398.00 in petitioners' Federal income taxes for 1980 and additions to tax of $ 170.00 under section 6653(a)[1]
After concessions, the sole issue for our decision is whether petitioners are entitled to deduct legal expenses incurred in 1980. This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and attached exhibits are incorporated herein by this reference. The petitioners, Robert W. and Sonia Heinemann, husband and wife, resided in Dover, New Jersey at the time the petition was filed. [2]
The factual background of this case is summarized below. [3]
*190 In 1965, Robert W. Heinemann was employed as a scientist by the United States Government (U.S. Government) at the Army's Picatinny Arsenal (Picatinny) in New Jersey. Petitioner invented a "low density indirect fire munition system" (invention). In 1966, petitioner submitted an invention disclosure, invention rights questionnaire, and a military invention record to officials affiliated with Picatinny. In 1972, an attorney from the legal office of Picatinny demanded that petitioner assign his invention to the U.S. Government. Petitioner subsequently assigned the invention to the U.S. Government. [4] The assignment was recorded in August of 1972 at the United States Patent and Trademark Office. The U.S. Government filed a patent application for the invention in April of 1972. In 1974, the patent application was placed under a secrecy order which subsequently was lifted. In September of 1977, United States Patent No. 4,050,381 ('381 patent) covering the invention was issued. *191 Petitioner filed suit against the U.S. Government in the United States Court of Claims in May of 1979, asserting three claims: (1) that he was entitled to damages for patent infringement; (2) that he was entitled to damages caused by a secrecy order on his invention and the United States' alleged use of his invention; and (3) that the United States' use of the invention was a taking without due process under the Fifth Amendment to the Constitution. In the 1980 decision ( Heinemann v. United States,223 Ct. Cl. 479, 620 F.2d 874) the Court of Claims granted the U.S. Government's motion to dismiss petitioner's second claim relating to the secrecy order. The Court of Claims denied the U.S. Government's motion to dismiss petitioner's first claim of infringement and third claim of a taking. In discussing petitioner's first claim of patent infringement, the court states (620 F.2d at 877): Plaintiff [5] argues, in effect, that he is the equitable owner of the '381 patent. The linchpin of his argument is his assertion that his assignment of the '381 invention to defendant [6] must be set aside by this court. * * *
And in denying the U.S. Government's *192 motion to dismiss petitioner's third claim of a taking by the United States the court states (at 879): Of course, in order to find that the '381 patent belongs to plaintiff, we must find that his assignment of the '381 invention to defendant is void. But this is precisely what plaintiff is arguing. He is arguing that the assignment was not voluntarily made because it was the product of mistake and undue influence. * * * In January of 1981, the Court of Claims ordered a bifurcated trial. [7] The first trial was to determine "the contested ownership issue and to consider defendant's allegation that it is entitled to a royalty-free license to practice the invention if plaintiff is adjudged to be the owner of the patent." 226 Ct. Cl. at 623. The outcome of the first trial would determine whether the second trial for the alleged infringement would be necessary. On March 1, 1984, the United States Claims Court held that the assignment *193 of the invention was not knowingly and freely given and remanded the case to Picatinny, in accordance with Exec. Order No. 10096, 15 Fed. Reg. 389 (1950), for final determination of the respective rights of petitioner and the U.S. Government in the invention. [8] Under Army regulations, an initial recommendation was prepared by Picatinny, petitioner's immediate command, and forwarded through the Army Material Command to the Patents, Copyrights, and Trademarks Division of the Army Legal Services Agency (Agency). [9] The Agency determined that the Government was entitled to retain all rights, title and interest to the invention, finding that the invention bore a direct relation to and was made in consequence of petitioner's official duties.
*194 Petitioner contested the Agency determinations in the Federal Circuit Court of Appeals. [10] The Federal Circuit held that the Executive Order No. 10096 was constitutional and that the Agency determinations were not arbitrary or capricious and held that the U.S. Government was the owner of the patent on the invention. In their joint Federal income tax return for 1980, petitioners claimed deductions for legal expenses incurred in connection with the 1980 litigation in the amount of $ 4,405.00. [11] In the statutory notice of deficiency, respondent disallowed the deductions claimed by petitioner in 1980. Respondent's determinations are presumed correct and petitioners bear the burden of proving they are wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). The sole *195 issue for decision is whether petitioners are entitled to claimed legal expense deductions for 1980. Petitioner contends that he was a professional inventor and that the legal expenses he is claiming as deductions for 1980 were ordinary and necessary business expenses incurred in connection with his occupation as an inventor and deductible under section 162(a). In the alternative, petitioner argues that the expenses are deductible under section 212(2). [12]
Section 162(a) allows a deduction for all ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Petitioner claims that he was engaged in the occupation of inventor and respondent *196 disputes this claim. This case was submitted fully stipulated and there is not stipulation that petitioner was engaged in business as an inventor. [13] Further, there is no additional evidence from which we can determine that petitioner was in business as an inventor. Moreover, the determination in the underlying litigation is that the invention here was made in consequence of petitioner's official duties as an employee of the United States and that the invention became the property of the Government. On the record in this case and particularly with respect to the underlying invention in this case, we must hold that petitioner was not engaged in business as an inventor and the litigation expenses are not deductible under section 162(a). In the alternative, petitioner argues that the legal expenses are deductible under section 212(2). Section 212(2) authorizes a deduction for ordinary and necessary expenses paid or incurred "for the management, conservation, or maintenance of property held for the production of income." Petitioner contends that the legal expenses are ordinary and necessary and *197 incurred for the conservation of his invention which he held for the production of income. Respondent maintains that the legal expenses do not meet the requirements of section 212(2) and are capital expenditures which are not currently deductible. An expenditure is not deductible under section 212 if it is a capital expenditure. Woodward v. Commissioner,397 U.S. 572 (1970). The cost of defending or perfecting title to property is a capital expenditure within the meaning of section 263 and is not deductible. Sec. 1.263(a)-2(c), Income Tax Regs.; Estate of Davis v. Commissioner,79 T.C. 503, 509 (1982); Boagni v. Commissioner,59 T.C. 708, 712 (1973); Kasey v. Commissioner,54 T.C. 1642, 1648-1649 (1970), affd. per curiam 457 F.2d 369 (9th Cir. 1972). In determining whether legal expenses are deductible under section 212, generally we look to the origin and character of the claim from *198 which the expenses resulted. Woodward v. Commissioner, supra at 577; United States v. Gilmore,372 U.S. 39, 49 (1963); Estate of Davis v. Commissioner, supra at 508. The issue of origin and character of the claim is factual. Rafter v. Commissioner,60 T.C. 1, 8 (1973), affd. without opinion 489 F.2d 752 (2d Cir. 1974). Resolution of the question requires consideration of all the facts, including "the issues stated, the defenses asserted, and the ulterior objectives, if any, of the litigation." Rafter v. Commissioner, supra at 8. Under the origin and character standard, petitioner's legal expenses plainly were not incurred in the conservation of property held for the production of income. The term "conservation of property" in the context of section 212(2) "seems to refer to operations performed with respect to the property itself, such as safeguarding or upkeep, rather than to a taxpayer's retention of ownership in it." United States v. Gilmore, supra at 44. Petitioner brought suit in 1979 for the primary purpose of setting aside his assignment of the invention *199 to the U.S. Government and reclaiming title to the invention. This conclusion is unaffected by petitioner's inclusion in his 1979 suit of a claim for damages for patent infringement and a claim for damages caused by a secrecy order on his invention and the United States' alleged use of the invention. Petitioner's right to receive any damages for patent infringement was wholly dependent upon and incident to the resolution of the primary issue, the determination of who owned the invention. Under the circumstances of this case, petitioner's request for damages for patent infringement cannot change the origin and character of the litigation. The fundamental origin and character of the underlying litigation here was the determination of title to the invention. See Kasey v. Commissioner, supra at 1649. Essentially, here petitioner seeks a deduction for legal expenses incurred in litigation to establish title to an invention. Petitioner's legal expenses are capital expenditures and are not deductible. Decision will be entered under Rule 155.
Footnotes
1. This case was assigned pursuant to section 7443A(b) and Rule 180 et seq. All section references are to the Internal Revenue Code as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Mr. Heinemann sometimes will be referred to herein as petitioner. ↩
3. The facts are stipulated and facts also are set forth in the opinions with respect to the underlying dispute in this case at 223 Ct. Cl. 479, 620 F.2d 874 (1980); 226 Ct. Cl. 622 (1981); 4 Cl. Ct. 564 (1984); 796 F.2d 451↩ (Fed. Cir. 1986). 4. Petitioner alleged that he assigned the invention to the Government as a result of his misplaced reliance on the legal opinion and documentation provided to him by the Picatinny attorney. Petitioner alleged that the legal opinion and documentation were incomplete and erroneously indicated that he was legally required to make such an assignment. ↩
5. Mr. Heinemann is referred to as Plaintiff by the Court of Claims. ↩
6. The United States is referred to as the defendant by the Court of Claims. ↩
7. Heinemann v. United States,226 Ct. Cl. 622↩ (1981). 8. In Heinemann v. United States,4 Cl. Ct. 564, 570 (1984), the Claims Court held that "Executive Order 10096↩ provides the sole avenue for determining rights in inventions made by government employees. In addition, that determination is to be made by the employing agency, subject to review by the Commission of Patents and Trademarks." 9. Heinemann v. United States,796 F.2d 451↩ (Fed Cir. 1986). 10. Heinemann v. United States,↩ 496 F.2d at 451. 11. The amounts listed on the attachment to petitioner's tax return actually total $ 4,125.00. Respondent stipulated that all of the expenses claimed pertain to the litigation petitioner had pending in the Court of Claims. ↩
12. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year -- * * * (2) for the management, conservation, or maintenance of property held for the production of income; ↩
13. The parties only stipulated that petitioner claims that he is an inventor. ↩