**BAXTER INTERNATIONAL INC., and, Baxter Healthcare Corp., Plaintiffs,**

v.

**COBE LAB., INC., Defendant.**

**No. 89 C 9460.**

United States District Court, N.D. Illinois, E.D.

June 5, 1991.

Granger Cook, Jr., Gary W. McFarron, Cook, Egan, McFarron & Manzo, Chicago, Ill., Paul C. Flattery, Bradford R.L. Price, Baxter Healthcare Corp., Deerfield, Ill., for Baxter Intern. Inc., et al.

Kenneth L. Starr, Holmes & Starr, Denver, Colo., William J. McKenna, Jr., E. Glenn Rippie, Hopkins & Sutter, Chicago, Ill., William W. Rymer, Fish & Richardson, Providence, R.I., Willem G. Schuurman, David D. Bahler, Arnold, White & Durkee, Austin, Tex., for Cobe Laboratories, Inc.

## MEMORANDUM OPINION AND ORDER

PARSONS, District Judge.

### I. INTRODUCTION

Plaintiff Baxter International Inc. and Baxter Healthcare Corporation commenced this action for patent infringement against Cobe in December 1989. Baxter alleged that four of its patents were being infringing by Cobe. Cobe answered the complaint by stating that the four Baxter patents and an additional patent by Baxter were invalid and unenforceable. Consequently, Cobe filed a counterclaim seeking declaratory judgment. The court is now faced with the issue of whether it should compel Herbert Cullis, who is the designated inventor of three of the Baxter patents at issue in this case, to answer certain questions which were put forth by the defendant. For the reasons stated below, this court grants Cobe's motion and will therefore allow the deposition of Mr. Cullis to go forward.

The cases relied upon by Cobe in its brief to compel Cullis to testify demonstrate that it is common in patent litigation to seek the contentions and opinions of the inventor named on the patent at issue concerning issues of infringement, validity or interpretation of the patent claims. *See Nelco*

*Corp. v. Slater Electric, Inc.*, 80 F.R.D. 411 (E.D.N.Y.1978); *and De Graffenried v. United States*, 224 USPQ 787, 2 Cl.Ct. 640 (1983). In *Nelco Corp. v. Slater Electric, Inc.*, Judge Bramwell of the Eastern District of New York granted the defendant's motion to compel the plaintiff's inventor and patent applicant of the product to answer certain question posed to him at a deposition regarding his interpretation of the patent claims at issue. *Nelco, supra,* at 415–16. Also, in *De Graffenried v. United States*, 224 USPQ 787, 2 Cl.Ct. 640 (1983) the inventor was required to answer questions as to his present view concerning the contribution that the subject matter of the patent made to the art and to apply elements of the patent claim to the accused device. *De Graffenried, supra,* at 643, 2 Cl.Ct. 640. In both the *Nelco* case and the *De Graffenried* cases, however, the courts examined the backgrounds of the respective inventors before ordering the compulsion of the inventors' testimony. In *Nelco* the New York District Court stated that it was the inventor's "intimate association with the subject matter of the claims" that justified the court allowing the defendant to inquire as to the nature of the inventor's interpretation of the patent claims at issue. *Nelco, supra,* at 415–16. Similarly the Claims Court in *De Graffenried* found that because the inventor was "technically conversant with the factual subject matter of [the] suit," and because the inventor was "knowledgeable of the contents of his patent," his opinions and inferences regarding his patent would be of assistance to the court in developing a clear understanding of the facts at issue in the case.

In the case before this case, however, it is unclear from the briefs tendered to this court what sort of background of Mr. Cullis was established by Cobe during the deposition. Cobe's inquiry seems to progress from general introductory questions, such as background and work experience, to specific inquiries into the function of certain aspects of the patents at issue. Such an inquiry does not establish a foundation as to whether Cullis possesses knowledge

from his involvement with the subject matter of the case or whether he possesses some independent expertise as to the general field. Without a proper inquiry into his involvement with the Baxter patents, this court cannot come to the conclusion that Cullis, although the inventor of three of the subject patents, is the proper person for the defendant to target in its effort to demonstrate that the Baxter patents were a fraud on the patent office. Indeed, the court believes that Cobe's reliance upon the following case and the quotation therefrom is has been blown out of its intended proportion:

> In patent cases ... the court can think of no one *more qualified* than the inventors to express opinion as to what constitutes theft of their inventiveness. Therefore, the interrogatories directed to the contentions of the plaintiffs may stand.

*Meese v. Eaton Manufacturing Co.*, 35 F.R.D. 162, 166 (1964) (emphasis in original). The court should be aware of its responsibility to prevent the discovery process from being used in an oppressive, embarrassing or unfair manner. *See Nelco, supra,* at 415–16. The court has the duty to "manage the interrogation of a witness such that it encourages the expeditious divulgence of facts." *De Graffenried, supra,* 2 Cl.Ct. at 643; Fed.R.Evid. 611(a).

Ample instruction is provided in the *De Graffenried,* case (cited above) for a manageable and fair method of inquiry for Cobe to follow in its interrogation of Cullis. Accordingly, we are faced here with the need to decide whether the preliminary examination of the inventor Cullis should be monitored by the court or put before some special master or hearing officer, on the one hand, or, on the other, whether in the interest of being consistent in the field of civil law with our use of interrogatories, depositions and other means of pre-trial discovery, the same rules be applied to patent cases that are regularly applied to all other civil cases. I agree with the New York District Judge in the *Nelco* case that

an inventor may reasonably be expected to be able to testify from an intimate association with the subject matter of the case and in many situations the inventor may very well be the person most qualified to testify as to the invention and as to its contribution to the area of knowledge involved in the art. I am convinced that the parties in this case must to be sent back to continue with the deposition of the inventor Cullis, but to do so with the direction that they proceed-on after each objection raised by and recorded on behalf of Baxter, and that the witness be required to answer to the best of his knowledge and ability each such question. The court will later rule on each of the plaintiff's objections as it customarily does with objections made during discovery, and strike the testimony given in answer to questions concerning which the court later sustains as objectionable. Cobe, however, must first lay a proper foundation sufficient to establish that Cullis, with his association with the development of the Baxter patents, whatever it may have been, may reasonably be expected to answer the questions reliably. If Cobe fails to lay a satisfactory foundation for going into the matter, this court will find the testimony inadmissible, strike it, and totally disregard it.

ENTER:

Parties are instructed to resume the deposition of Mr. Cullis. To the extent and under the conditions recited above, the defendant's motion to compel this witness's testimony is granted.