958 F.2d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert L. BREWSTER, Plaintiff-Appellant,
v.
UNITED STATES of America, Administrator-NASA and Secretary
of Air Force, Defendants-Appellees.
 No. 90-3274.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 10, 1992.*
Decided March 20, 1992.
 
 Before BAUER, Chief Circuit Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Robert Brewster brought this action claiming that the reentry technique used by NASA's Space Shuttle and the Air Force's National Aerospace Plane originated from his ideas for a vehicle named the "Brewster Craft." His complaint alleges that the defendants appropriated his ideas without compensation, infringing on the copyright he obtained for the "Brewster Craft." The district court dismissed this case for failure to prosecute pursuant to Local Rule 21 when Brewster failed to appear for a status hearing.
 
 
 2
 On appeal, the defendants challenge the district court's jurisdiction over this complaint, arguing that the Claims Court retains exclusive jurisdiction over such actions. 28 U.S.C. § 1498(b) provides, in pertinent part:
 
 
 3
 Hereinafter, whenever the copyright in any work protected under the copyright laws of the United States shall be infringed by the United States, by a corporation owned or controlled by the United States, or by a contractor, subcontractor, or any person, firm, or corporation acting for the Government and with the authorization or consent of the Government, the exclusive remedy of the owner of such copyright shall be by action against the United States in the Claims Court for the recovery of his reasonable and entire compensation as damages for such infringement, including the minimum statutory damages as set forth in section 504(c). ...
 
 
 4
 According to the plain language of this statute, jurisdiction over Brewster's claims lies exclusively within the Claims Court.
 
 
 5
 Part of Brewster's complaint seems to allege that tortious conduct on the part of these federal defendants caused the infringement. This however, does not affect the jurisdiction of the Claims Court. "The fact that tortious conduct on the part of defendant might have preceded and given rise to the alleged infringement does not vitiate the power of this court under 28 U.S.C. § 1498 ... to determine whether there has been an infringement." Heinemann v. United States, 620 F.2d 874, 878 n. 8 (Ct.Cl.1980).
 
 
 6
 Although we question whether this seemingly frivolous complaint would survive in any court, it is clear that the district court lacked jurisdiction over this suit. Therefore, we VACATE the district court's order and REMAND with instructions to dismiss for want of jurisdiction.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record